## THE STATE vs. BURGETT ET AL.

It is not necessary to the validity of an indictment, under *section 4 Ch. 51, Gould's Dig.*, for illegal co-habitation, that it should specify whether the prosecution was for the first or second offence.

*Appeal' from Crittenden Circuit Court.*

· Hon. EARL C. BRONAUGH, Circuit Judge.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellees were indicted under *sec. 4, Ch.* 51, *Gould's Dig.* for illegal co-habitation.

The indictment charges, with requisite certainty of time and place, that John Burgett and Matilda Parker, with force and arms, unlawfully did live together as husband and wife without being married; contrary to the form of the statute, etc. To this indictment a demurrer was sustained, and the principal ground of demurrer is, that the indictment does not charge whether the appellees are required to answer for the first or second offence.

The statute provides that if any man and woman shall live together as husband and wife without being married, each of them shall be deemed guilty of a misdemeanor, and shall upon the first conviction, be fined in a sum not less than twenty dollars, nor more than one hundred dollars, at the discretion of the court or jury before whom such offenders may be tried; on a second conviction for said offence, the offenders shall be fined not less than one hundred dollars; and at the discretion of the court or jury trying the case, may be imprisoned in the county jail not exceeding twelve months, etc.

In *the State vs. Smith* 8 *Rich.* 460, it was held by the

supreme court of South Carolina, that in an indictment under a statute of that State, which punishes horse stealing for the first offence with whipping, and for the second offence with death, it was not necessary to allege whether it was the first or second offence. In that case, the accused seems to have been convicted of the second offence; and whether the court went too far in holding, that in an indictment for the second offence, a conviction of the first need not be charged, it is not necessary to determine, it being sufficient in the case before us, to decide that though such an indictment might not warrant a conviction for the second offence, it would nevertheless be good as charging the first offence; because, in such case, it ought to be intended that the State is proceeding against the accused for the milder penalty imposed by the statute.

Let the judgment be reversed and the cause remanded, with instructions to overrule the demurrer.