## WOLF *v.* STATE.

### Opinion delivered October 14, 1918.

1. GAMING—BETTING ON HORSE RACE—PUNISHMENT.—Under Acts 1907, p. 134, providing that it shall be a misdemeanor to bet on a horse race, and providing severe punishments for second or subsequent offenses by the same person, one may be punished as for a second offense though the conviction for the first offense did not occur within one year before the return of the indictment for the second offense.

2. GAMING—BETTING ON HORSE RACE—EVIDENCE.—On an indictment for betting on a horse race, evidence that defendant wired to a point without the State a bet for a certain person on a horse race to be run outside the State, and agreed to pay such person if the horse he bet on should win the race, *held* to sustain a conviction.

3. GAMING—BETTING ON HORSE RACE—INSTRUCTION.—On a prosecution for betting on a horse race, the court instructed the jury in effect that the evidence must show that a wager was placed with defendant and that he accepted it; that if the witness telephoned defendant to bet on a certain horse in a race, and a horse race was had, the parties treated that as a binding obligation, it would be a wager, *held* not erroneous.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*A. J. Murphy,* for appellant.

1. The demurrer should have been sustained. The offense is a misdemeanor and the conviction for the first offense did not occur within one year before the return of the indictment for the second offense. Kirby's Digest, § 2106.

2. As to the particularity with which a conviction for the first offense must be alleged in an indictment for the third offense, see 14 R. C. L., p. 190, § 35; 22 Cyc, 356, § 2; 22 Ark. 323; Ann. Cases, 1914, C. 562, note; 9 Ann. Cases, 767, note; 24 L. R. A. (N. S.) 421 and note.

3. The evidence does not support the conviction and there is error in the instructions. 104 Ark. 162. The evidence fails to show that a horse race was run within or without the State.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. Acts 1917, § 1 and 2, Act No. 55; — U. S. —— The second offense need not be within a year and the statute does not so provide.

2. The evidence is sufficient. It was proper to permit the State to prove a violation of the statute within the statutory period. 127 Ark. 289; 129 *Id.* 106; *Mobley v. State,* Ms. Op.

3. There is no error in the instructions.

HART, J. John Wolf prosecutes this appeal to reverse a judgment of the circuit court convicting him of the crime of horse racing, charged to have been committed contrary to Act 55 of the Acts of 1907. See Acts of 1907, p. 134. The act is as follows:

"Section 1. That hereafter it shall be unlawful to bet in this State, directly or indirectly, by selling or buying pools or otherwise, any money or other valuable thing, on any horse race of any kind whether had or run in this State or out of this State.

"Section 2. That any person who shall violate section one of this act shall be deemed guilty of a misdemeanor and for the first offense, on conviction shall be fined in any sum not less than ten dollars nor more than twenty-five dollars; and for the second offense, on conviction shall be fined in any sum not less than twenty-five nor more than one hundred dollars, and for all offenses after the second, on conviction shall be fined in any sum not more than five hundred dollars and imprisoned in the county jail for a term of not less than thirty days nor more than six months, and every bet, wager, sale of pools or purchase of pools shall be deemed a separate offense."

It is first insisted that the judgment must be reversed because the offense is a misdemeanor, and the conviction for the first offense did not occur within one year before the return of the indictment for the second

offense as is required by our statute in indictments for misdemeanors. We do not think this contention is sound. In the first place, it may be said that statutes which provide for increased penalties when committed by prior offenders are uniformly upheld. *State* v. *Burgett*, 22 Ark. 323; Notes to 24 L. R. A. (N. S.) 432; 9 A. & E. Ann. Cas. 768, and Ann. Cas. 1914 C, at 565.

In some States the statute provides that in case of a subsequent conviction of the same person during the year, the punishment shall be increased. Under such statutes, of course, both the prior and subsequent offense must occur within the year. It will be observed that our statute contains no such limitation. It only provides an additional punishment for one who is convicted of a crime after having been previously convicted of the same kind of crime. The prior offense only affects the punishment for the subsequent offense, and for that reason it is not necessary to charge and prove that the prior offense was committed within the statutory period for returning an indictment for the subsequent offense.

It is also contended by counsel for the appellant that the evidence is not sufficient to warrant the verdict. We do not agree with counsel in his argument on this ground. Three witnesses for the State were examined and cross-examined at length. It would unduly extend this opinion to set out their testimony at length, and we have concluded to only give a brief summary of it.

The offense charged is a misdemeanor, and according to the testimony of R. G. Morris he went to the appellant's place of business in Hot Springs, Garland County, Arkansas, or telephoned to him there several times within 12 months before the return of the indictment in this case, and had the appellant to wire some bets away for him on horses. The witness would bet whatever he chose to bet at the time, and there was a winning or losing of money as a result of these wagers. There was no money passed between them, but it was agreed and understood that the loser would pay the winner.

It is fairly inferable from the extended cross-examination of this witness that the transactions had by him with the appellant were wagers on races that took place without the State.

The language of the statute includes betting by selling pools or otherwise for money or other valuable thing on any horse race of any kind whether run in this State or out of the State. It will be observed that the language of the statute is very broad and comprehensive. It does not require that money should be bet. The agreement between the parties that the loser should pay to the winner the amount due him as a result of their wagers, brings the transaction within the prohibition of the statute.

We have carefully read the record, and it is fairly inferable from it that appellant wired to a point without the State a bet for the witness on a horse race to be run outside the State and agreed to pay the witness if the horse he bet on should win in the race. This warranted the jury in finding appellant guilty.

It is also insisted that the court erred in giving the following instruction:

"The evidence that the witness may have telephoned the defendant to bet money on a horse race and that he supposed that defendant telephoned the bet away would not be sufficient to authorize you to convict the defendant, but before you can convict him the evidence must show that a wager was placed with him and that he accepted it. As I have stated in the instructions, you must find that he bet money or something of value. But on that point, to amplify it a little bit more and apply it to the evidence, if you believe from the evidence, beyond a reasonable doubt, that the witness telephoned or told him that he wanted to bet or to place such money on a certain horse in a race, and that a horse race was had in which that horse ran, and the parties treated that as a binding obligation after the result of that race, either as having won or lost, one or the other, and treated it between themselves as a binding obligation, then the court

would instruct you that that would be something of value, and it would be a wager the same as if the cash money had been placed.''

It is contended that the vice of this instruction consists in making the guilt of appellant depend upon whether or not the parties after the result of the race treated their agreement which has been hereinbefore recited as a binding obligation. We do not agree with counsel in this contention. Of course, after a race had been run, the parties could not then agree that they had made a wager and thus bring one of them under the ban of the statute. But we do not think the instruction fairly susceptible to this construction. It leaves to the jury the truth or falsity of a series of acts between the parties and makes the guilt or innocence of the appellant depend upon the finding of the jury as to all these acts. In short, the guilt of appellant is made to depend upon the finding of the jury as to a series of acts connected together and not upon any of them singly.

We have carefully examined the record and find no reversible error in it. Therefore, the judgment is affirmed.