**Charles Lee OLIVER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 16768.

United States Court of Appeals
Eighth Circuit.

May 10, 1961.

256

Charles Lee Oliver, pro se.

No appearance for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant was convicted in 1959 of shipping heroin hydrochloride in violation of 26 U.S.C. § 4724(b). He had been convicted in 1941 of transferring marijuana in violation of § 2591(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 2591(a), now 26 U.S.C. § 4742(a).

Before sentence was imposed on the 1959 conviction, an information was filed by the United States Attorney, pursuant to 26 U.S.C. § 7237(a), setting out the fact of appellant's 1941 conviction, and the court on the basis thereof sentenced him to fifteen (15) years imprisonment under § 7237(a).

An application was thereafter filed by appellant, which was in effect a motion under 28 U.S.C.A. § 2255, challenging the validity of the heavier sentence to which he had been subjected from the existence of his 1941 conviction. The basis of his challenge was that the increased penalty provision invoked against him for a second offense violation of the narcotics statutes had been enacted after his 1941 conviction, and that its application to him therefore made it an ex post facto law, in violation of Art. I, § 9, cl. 3 of the Constitution.

He also contended that he was denied one of the sentencing elements to which he was entitled, in that no consideration was accorded by the court to whether he ought or ought not to be granted probation. Section 7237(a) contains a provision that "Upon conviction for a second or subsequent (narcotics) offense, the imposition or execution of sentence shall not be suspended and probation shall not be granted". Making him thus ineligible to be considered for suspension of sentence or probation, he asserts, is an abridgement of his privileges as a citizen, in violation of Art. IV, § 2, cl. 1 of the Constitution.

The trial court denied the § 2255 motion without a hearing and refused to allow appellant to proceed on appeal in forma pauperis, except to permit him to file a notice of appeal without payment of fee. He now seeks leave from us to prosecute his appeal in forma pauperis.

The increased penalty imposed upon appellant under § 7237(a) because of his 1941 conviction is not a punishment for that offense, but simply "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683. See also Pettway v. United States, 6 Cir., 216 F.2d 106. Appellant was not being made to pay an additional penalty for the violation he

committed in 1941, but he was merely being given more severe punishment for what he had done in 1959, in that he' had seen fit to engage in another narcotics offense after § 7237(a) was enacted.

 As to his contention in respect to probation, probation has never been held to constitute a right or privilege of the citizenship of a criminal, but it has always been recognized as being purely an element of legislative and judicial grace. The Federal courts cannot grant probation to criminals except as Congress has seen fit to authorize them to do so. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129. In the case of repeating narcotics law offenders, Congress has not merely seen fit to withhold the authority to grant probation, but it has in express terms made emphasis of the fact that probation may not be granted.

Docketing of appellant's appeal will be permitted without payment of fee, and the appeal will thereupon be dismissed as being frivolous.

Appeal dismissed.

Lumbard, Chief Judge, dissented.