**Charles Lee OLIVER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16979.**

United States Court of Appeals Eighth Circuit.

Feb. 5, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

A previous motion of appellant under 28 U.S.C.A. § 2255 has been before us in Oliver v. United States, 8 Cir., 290 F. 2d 255. He is now seeking leave to appeal in forma pauperis from the trial court's denial of a second such motion and a certification by the court that his attempt to appeal is without merit and therefore not taken in good faith.

Appellant is under conviction, sentence, and confinement on the basis of a plea of guilty by him to the following count in an information:

"That on or about November 2, 1957, at Kansas City, in the Western Division of the Western District of Missouri, Charles Lee Oliver did knowingly, wilfully, unlawfully, and feloniously send and ship by Greyhound Bus Express a narcotic drug, to-wit, 1097 grains, more or less, heroin hydrochloride, from Chicago, Illinois, to Kansas City, Missouri, all in violation of Title 26, Section 4724(b)."

His present motion to vacate his sentence is predicated on the contentions that the offense with which he was charged was the placing of heroin by him upon a bus in Chicago, Illinois; that on the basis of this alleged act the offense involved was and could only have been one that was committed by him in Chicago, Illinois; and that, with no act being charged to have been done by him in Kansas City, the District Court for the Western District of Missouri was without any jurisdiction to convict or sentence him.

The charge against appellant, however, as the count above shows, was not his placing of the heroin upon the bus as an offense of possession but his shipment of it from Chicago to Kansas City as an offense of transportation. Such shipment into Kansas City necessarily gave rise to an offense in the Western District of Missouri, under the following provision of 18 U.S.C.A. § 3237(a):

"Any offense involving * * * transportation in interstate * * * commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce * * * matter moves."

Appellant's naked assertion that this statutory provision is unconstitutional is not entitled to any discussion.

The appeal will be docketed without payment of fee, but will be dismissed as frivolous.

Appeal dismissed.