## Ennis SIMS *v.* STATE of Arkansas

CR 77-133                                    556 S.W. 2d 141

Opinion delivered October 10, 1977
(Division II)

*R. D. Rouse,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Only questions of law are raised in this appeal. It is submitted upon a stipulation of facts. It is stipulated that appellant was convicted of driving while under the influence of intoxicants on July 9, 1974 and again on November 2, 1974. He was again charged with the same offense on March 26, 1976, and it was alleged to be a third offense under the provisions of Act 931 of 1975. He has never contended that he was not guilty of the basic charge in

the last instance, but has consistently contended that the offense was a first offense and that the punishment imposed for a third offense was improper, because its application, under the circumstances, made it an ex post facto law as to him. He also contended that trying him under the act constitutes double jeopardy.

In support of his contention that Act 931 was ex post facto, he argues that it could not constitutionally be applied because it was not in effect at the time the first two offenses were committed. All of the authorities relied upon by appellant do, indeed, hold that a law which makes a crime punishable in a manner in which it was not punishable *at the time it was committed* is an invalid ex post facto law. But these cases have no application here, because the offense with which appellant was charged was committed after the adoption of Act 931 of 1975. The enhanced penalty provided for a third offense by that act is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses. See *Wolf* v. *State,* 135 Ark. 574, 206 S.W. 39.

This court rejected arguments similar to those advanced by appellant in *Dolphus* v. *State,* 248 Ark. 799, 454 S.W. 2d 88. Even though the act involved there was the Habitual Criminal Act [Ark. Stat. Ann. § 43-2328 et seq (Repl. 1964, Supp. 1975)], the act in question here is itself a habitual offender act. *Dolphus* contains a complete answer to appellant's double jeopardy argument. In spite of the fact that the appellant in *Dolphus* did not directly raise the question that the act was ex post facto, this court there relied upon *Oliver* v. *U.S.,* 290 F. 2d 255 (8 Cir., 1961), cert. den. 368 U.S. 850, 82 S. Ct. 83, 7 L. Ed. 2d 48, in answering the argument that the appellant there was being subjected to double punishment for crimes committed prior to the enactment of the Habitual Criminal Act. The basis of the *Oliver* decision was that the habitual offender act before that court was not an ex post facto law. Since the punishment imposed upon appellant under Act 931 of 1975 was only for the offense committed after the passage of the act the rationale of *Oliver* is sufficient answer to appellant's argument that the act was ex post facto as to him. Other jurisdictions have taken this same

position where convictions for driving while under the influence of intoxicating liquors are concerned. See e.g., *State* v. *Rising*, 262 Ind. 30, 310 N.E. 2d 873 (1974). In *Rising*, the court stated that habitual criminal and habitual traffic offenders acts are not ex post facto laws, in circumstances such as those here presented, since they give notice that if persons persist in certain behavior they will be punished more severely than previously. We agree with that treatment of the question.

The judgment is affirmed.

We agree. HOLT, ROY and HICKMAN, JJ.