James FINLEY *v.* STATE of Arkansas

CR 83-166                    666 S.W.2d 701

Supreme Court of Arkansas
Opinion delivered April 2, 1984
[Rehearing denied April 30, 1984.*]

*Jeff Rosenzweig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In April, 1971, the appellant pleaded guilty to a felony charge of assault with intent to kill, in that he had fired shots from a shotgun with intent to kill a certain person. The trial judge accepted the plea and sentenced Finley to three years in the Arkansas Penitentiary, but suspended the sentence on certain conditions. The three-year suspension expired without revocation; Finley never actually entered the penitentiary.

In December, 1981, the present information was filed, charging that Finley, being a convicted felon, unlawfully possessed a firearm in violation of Ark. Stat. Ann. § 41-3103 (Repl. 1977), which is part of the 1975 Criminal Code, effective January 1, 1976. The trial judge rejected defense counsel's argument that Section 41-3103, as applied to this case, is invalid as an ex post facto law and denied defense

*PURTLE and HOLLINGSWORTH, JJ., would grant rehearing.

counsel's request that the affirmative defense of justification by reason of a mistake of law be submitted to the jury.

Upon the State's proof of the prior conviction and testimony that Finley had possessed a shotgun on November 18, 1981, and had fired it at another person, the jury returned a verdict of guilty and sentenced Finley to a term of three years and a fine of $3,000. For reversal Finley argues two of the contentions that were made at trial. Our jurisdiction is under Rule 29(1)(c).

First, it is argued that Section 41-3103, as applied to this appellant, is unconstitutional as an ex post facto law, in that it imposes additional punishment upon an offense committed before the section became effective in 1976. We quote the pertinent language in Section 41-3103:

(1) No person who has been (a) convicted of a felony . . . shall possess or own any firearm.

(2) A determination by a jury or court that a person committed a felony shall constitute a "conviction for purposes of subsection (1) even though the court suspended imposition of sentence or placed the defendant on probation.

In making this ex-post-facto argument the appellant relies primarily upon two civil cases: *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S.W.2d 83 (1935), and *May* v. *Edwards,* 258 Ark. 871, 529 S.W.2d 647 (1975). In the *Rodgers* case we construed a civil statute authorizing the Medical Board to revoke any physician's license to practice medicine upon his "conviction" of a crime involving moral turpitude. We held that when Dr. Rodgers's suspended sentence for such a crime had not expired and was still subject to final court action when the Medical Board attempted to revoke his license, there had not yet been a "conviction" within the meaning of that statute. In the *May* case it was argued that an incumbent alderman's office had automatically become vacant when he was convicted of an infamous crime. We held that the constitutional disqualification was not self-executing and consequently the reversal of his conviction on appeal prevented the creation of a vacancy in the office.

In those two civil cases we merely interpreted somewhat indefinite references to "conviction" of a crime and held that there had been no conviction in either case within the meaning of the particular law. Here, by contrast, Section 41-3103 leaves no possibility of doubt about its application to the case at bar. This statute declares explicitly that a court's determination that a person committed a felony shall constitute a "conviction" for the purposes of the statute in question even though the court suspended imposition of sentence or placed the defendant on probation. Finley unquestionably admitted his guilt of a felony, assault with intent to kill, by pleading guilty. The court accepted his plea and imposed a three-year sentence, which was suspended. Thus Finley has committed a felony within the clear and unmistakable meaning of Section 41-3103 of the Criminal Code.

The question, then, is whether the legislature could constitutionally provide that, effective January 1, 1976, any person who had previously been convicted of a felony as defined by the statute could not thereafter possess or own a firearm. There can hardly be any doubt about the validity of the statute. It has been universally and we think uniformly held that habitual criminal statutes, imposing higher penalties for second and subsequent crimes, are valid even though the first offense was committed before the passage of the habitual criminal statute. Our decision in *Sims* v. *State*, 262 Ark. 288, 556 S.W.2d 141 (1977), is typical. There Sims had been convicted twice for DWI before the legislature in 1975 passed an act increasing the penalty for a third DWI offense. Sims committed such a third offense in 1976, after the new law was effective. He argued, as Finley does here, that the statute was ex post facto because it increased the punishment for past offenses. We upheld the law, reasoning that the enhanced penalty "is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses." That case and many others like it are controlling here. Otherwise the legislature would be powerless to prohibit even known and dangerous convicted criminals from carrying firearms, simply because their crimes had been committed before the lawmakers decided to take action.

The appellant's second argument, that of justification by virtue of a mistake of law, is really foreclosed by our decision upon his first point. The Criminal Code provides in effect that it is a defense to a prosecution that the defendant engaged in the conduct charged in the belief that it did not constitute an offense and acted in reasonable reliance upon "an official statement of the law" contained in the latest decision of the highest state court in the matter. Ark. Stat. Ann. § 41-206 (3) (b). Finley testified in substance that at some time, apparently soon after his conviction in 1971, he talked to the trial judge and to his own lawyer and concluded that he was not a convicted felon, though he could not remember the case (presumably the *Rodgers* case, for *May* v. *Edwards* had not yet been decided).

Even so, as we have seen, our decision in *Rodgers* was not an official ruling that under an entirely different statute a plea of guilty resulting in a suspended sentence could not constitute a "conviction." The issue was clearly one of the law; the trial judge rightly refused to submit the matter to the jury as a disputed question of fact.

Affirmed.

HICKMAN AND HOLLINGSWORTH, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I agree with the result but I would not explain the case of *State Medical Board* v. *Rodgers,* 190 Ark. 266, 79 S.W.2d 83 (1935). In my judgment it was wrong when it was decided and should have been overruled at the earliest opportunity. Essentially, it stands for the proposition that a conviction is not a conviction.

HOLLINGSWORTH, J., joins.