Clifton Lee USSERY *v.* STATE of Arkansas

CR 91-218                                822 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered January 21, 1992

*Paul Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Clifton Lee Ussery was convicted by a Pulaski County jury of first degree murder and being a felon in possession of a firearm. The jury sentenced appellant to serve forty years on the murder conviction, and six years on the felon in possession of a firearm conviction. The state's evidence included a docket sheet from Pulaski County Circuit Court which indicated that appellant pled guilty to a burglary charge in 1969 and was placed on probation for three years. Appellant argues admission of his prior guilty plea constituted error because the definition of "conviction" does not encompass a guilty plea to a felony charge for which a suspended sentence was imposed. We find no merit in appellant's argument and affirm the conviction.

The state charged appellant with both first degree murder and being a felon in possession of a firearm. As part of its case, the state presented evidence that appellant pled guilty to a burglary charge in 1969. Presumably, the state presented evidence of appellant's prior guilty plea in order to prove an essential element of the offense of felon in possession of a firearm — that is, that appellant was indeed a felon. Ark. Code Ann. § 5-73-103 (Supp. 1991) provides in pertinent part:

(a) . . . [N]o person shall possess or own any firearm who has been:

(1) Convicted of a felony; or

. . . .

(b) A determination by a jury or court that a person committed a felony:

(1) Shall constitute a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation[.]

At trial, the trial judge admitted evidence of appellant's prior guilty plea over defense counsel's objection. The substance of defense counsel's objection was limited to counsel's statement that a guilty plea resulting in a suspended sentence did not constitute a conviction. Counsel then proceeded to describe the facts of several civil cases which this court had painstakingly distinguished in *Finley* v. *State*, 282 Ark. 146, 666 S.W.2d 701 (1984). The *Finley* case presented a fact situation strikingly similar to the situation in appellant's case.

In *Finley*, the appellant had pleaded guilty to a felony charge in 1971. The trial judge had imposed a three year suspended sentence. In 1981 the state relied on Finley's 1971 guilty plea in charging Finley with the offense of being a felon in possession of a firearm. Finley argued that the applicable statutory definition of "conviction" was unconstitutional as an *ex post facto* law because it imposed punishment based on an offense committed before the section became effective in 1976. In rejecting Finley's argument, this court analogized the felon in possession of a firearm statute to statutes prescribing enhanced penalties for habitual offenders, and concluded "[t]here can hardly be any doubt about the validity of [the relevant subsection of] the statute." *Id.* at 148, 703.

At trial in the present case, appellant's counsel neither referred to the *Finley* case nor argued the unconstitutionality of the statutory definition of "conviction." On appeal, however, appellant urges this court to overrule the *Finley* decision based on a cursory *ex post facto* argument.

The state argues for affirmance on the ground that appellant failed to sufficiently raise his constitutional challenge below. The state relies on this court's rule that we will not reach issues on appeal that were not raised at the trial court level by means of a timely, specific objection. The court relied on this rule in *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990) and *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), the cases cited by the state, to affirm various allegations of error raised by the defend-

ants. The court reiterated the rule that even constitutional issues will not be considered when raised on appeal for the first time.

■ In the instant case, the trial court allowed evidence of appellant's prior guilty plea over objection by defense counsel. However, the trial court did not rule on whether the admission of the guilty plea violated the *ex post facto* clause because the *ex post facto* argument was not raised below. We only reverse a trial court for erroneous rulings and when an issue was not brought to the attention of the trial court, we do not consider it on appeal because the trial court had no opportunity to rule on the issue. *Id.* Even constitutional issues will not be considered when raised on appeal for the first time. *Id.*

■ Appellant neither raised his *ex post facto* argument below nor offers this court any reasoning or authority in urging us to overrule the *Finley* decision. The *Finley* case explicitly held that the felon in possession of a firearm statute does not violate the *ex post facto* clause simply because a defendant committed the original felony before the effective date of the statute. In *Parker v. State*, 300 Ark. 360, 779 S.W.2d 156 (1989), *cert. denied*, 111 S. Ct. 218 (1990), this court refused to consider an appellant's argument for overruling controlling precedent when the appellant neither argued the constitutional issue before the trial court nor offered a compelling reason to declare the challenged statute unconstitutional. As appellant neither raised his *ex post facto* argument below nor offers a compelling reason for overruling the *Finley* decision, we reject appellant's argument and affirm the conviction.