The Honorable Paul R. Bosson Prosecuting Attorney 18th Judicial District, East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
I am writing in response to your request for my opinion on the following question:
 Does the five-year "look-back" period for enhancing DWI punishments set forth in Act 1077 of 1999 violate the ex post facto clauses of the United States and Arkansas Constitutions, U.S. Const. art. I, § 10 and Ark. Const. art. II, § 17?
You indicate in your request that the Hot Springs Municipal Court has taken the position that this question should be answered in the affirmative but has asked you to seek a determination from me on this issue.
RESPONSE
In my opinion, the "look-back" provision of Act 1077 does not violate theex post facto clause of either the U.S. or the Arkansas Constitution.
In Kellar v. Fayetteville Police Department, 339 Ark. 274, 279-80,5 S.W.3d 402 (1999), the Arkansas Supreme Court recently provided the following statement of the standard to be applied in an ex post facto
analysis:
 We commence our analysis of the ex post facto clauses by reading our Constitutions. The United States Constitution declares that "[n]o state shall . . . pass any . . . ex post facto law." U.S. Const. art. 1, § 10. Similarly, the Arkansas Constitution provides that "[n]o . . . ex post facto law . . . shall ever be passed." Ark. Const. art. 2, § 17. We have been given no reason why we should interpret Arkansas's ex post facto clause in a manner contrary to the ex post facto clause in the United States Constitution. Thus, we look to federal as well as state law for guidance. See Diffee v. State, 319 Ark. 669, 894 S.W.2d 564
(1995).
 The first Supreme Court case to address the issue of ex post facto laws was Calder v. Bull, 3 U.S. (3 Dall.) 386 (1798). In deciding whether a law violates the ex post facto clause, the Calder court established the following categories to consider:
 1st. Every law that makes an action done before the passing of the law, and which was innocent, when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.
 3 U.S. (3 Dall.) at 390 (italics in original). These Calder categories were rephrased by the Court in the early part of this century in Beazell v. Ohio, 269 U.S. 167 (1925), to read as follows:
 . . . any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto. The constitutional prohibition and the judicial interpretation of it rest upon the notion that laws, whatever their form, which purport to make innocent acts criminal after the event, or to aggravate an offense, are harsh and oppressive, and that the criminal quality attributable to an act, either by the legal definition of the offense or by the nature or amount of the punishment imposed for its commission, should not be altered by legislative enactment, after the fact, to the disadvantage of the accused.
269 U.S. at 169-70.
Act 1077 of 1999, codified at A.C.A. § 5-65-104 (Supp. 1999), falls into none of the impermissible categories described above. The 1999 amendment to A.C.A. § 5-65-104 extended from three years to five the period during which prior convictions for DWI will warrant enhancing the penalty for a post-enactment conviction. A.C.A. § 5-65-104(a)(4)(B) through (D). The legislation does not criminalize conduct that was innocent when done; it does not enhance the gravity of a crime beyond its gravity when committed; it does not change the punishment for a crime from that dictated by law at the time it was committed; and it does not implicate any rule of evidence. The amendment simply changes the punishment that will apply to criminals who commit a particular offense in the future. It thus provides clear notice to citizens of what they can expect if they engage in clearly defined conduct. The legislation is retrospective in determining punishment, but not retroactive in determining what conduct will be punished.
The issue you have raised was directly addressed and resolved by the Arkansas Supreme Court in Sims v. State, 262 Ark. 288, 556 S.W.2d 141
(1977). The appellant in Sims had two recent DWI convictions when the legislature passed a law requiring sentence enhancements for repeat DWI offenders. No one attempted to enhance the appellant's sentence on the second DWI, clearly recognizing that to do so would be impermissible under the ex post facto clause. However, when the appellant was convicted of a third DWI shortly after the law's enactment, the court considered the prior two convictions for purposes of sentencing. The Court offered the following in rejecting appellant's claim that the enhancement was likewise impermissible:
 All of the authorities relied upon by appellant do, indeed, hold that a law which makes a crime punishable in a manner in which it was not punishable at the time it was committed is an invalid ex post facto
law. But these cases have no application here, because the offense with which appellant was charged was committed after the adoption of Act 931 of 1975. The enhanced penalty provided for a third offense by that act is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses. See Wolf v. State, 135 Ark. 574, 206 S.W. 39.
Id. at 289. See also, Finley v. State, 282 Ark. 146, 666 S.W.2d 701
(1984) (applying law barring felons from possessing firearms to felons convicted prior to the law's enactment); Ark. Op. Att'y Gen. No. 95-260
(opining that same law applies to felons whose convictions have been expunged prior to the law's enactment). In my opinion, Sims clearly dictates that pre-Act 1077 DWI convictions within the five-year look-back period will be used to enhance the penalty for a post-Act conviction.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh