James W. BERRY *v.* STATE of Arkansas

CA CR 00-1004                                        45 S.W.3d 435

Court of Appeals of Arkansas
Division IV
Opinion delivered June 6, 2001

*Jim Petty* and *Patrick J. Benca*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. The appellant, James W. Berry, was convicted of felony driving while intoxicated in violation of Ark. Code Ann. § 5-65-103 (Repl. 1997). At the conclusion of a bench trial, the circuit court sentenced appellant to twelve months in the Arkansas Department of Correction, fined him $1,000, required him to pay court costs of $300, and suspended his driver's license for four years. Appellant raises two points on appeal. First, appellant argues that Officer King of the Pangburn Police Department was not authorized to detain him outside the officer's jurisdiction and doing so amounted to an illegal arrest. Second, appellant argues that enhancing punishment for the offense of driving under the influence of intoxicants by reference to prior convictions before the effective date of the enhancement statute, as applied to appellant's facts, violates the constitutional prohibition against *ex post facto* law. We affirm.

On September 11, 1999, Officer Robbie King of the Pangburn Police Department was traveling on State Highway 16, returning to his department in Pangburn. Approximately one mile out of Searcy, and ten to twelve miles outside of Pangburn, Officer King arrived upon an accident. A car, which had apparently lost control, struck a tree, and was in the ditch on the side of the road. When Officer King stopped to investigate, he realized it was his sister's car, and he immediately called for assistance from the White County Sheriff's Department. Deputy John Smith of the White County Sheriff's Department arrived, and he called dispatch to send Trooper Ray Ervin of the Arkansas State Police. A wrecker was called to remove the vehicle. During removal of the vehicle, the wrecker completely blocked the roadway. Trooper Ervin asked Deputy Smith and Officer King to assist with traffic control by setting up a temporary road block at each end of the accident scene while the roadway was obstructed. As appellant approached the road block, Officer King waved his arms and yelled for appellant to stop. When appellant finally stopped the vehicle, Officer King advised him of the road block.

During the encounter, Officer King noticed the smell of intoxicants and saw a beer can on the passenger seat. Officer King detained appellant and radioed Deputy Smith to inform him of the situation. Deputy Smith asked Officer King to hold the driver until he could get to that end of the accident and requested that Officer King check his sobriety. Upon noticing appellant's bloodshot eyes and the manner in which he was staggering, Officer King performed a breath test on appellant and waited for Deputy Smith. Officer King's involvement with appellant ended when Deputy Smith arrived and assumed responsibility. After the wrecker cleared the roadway and another wrecker service picked up appellant's car, Officer King returned to Pangburn. Officer King testified that his department had a written policy allowing officers to assist other departments outside Pangburn's jurisdiction with a supervisor's authorization. Officer King further testified that he was the supervisor on duty that evening.

Appellant was charged with driving while intoxicated in violation of Ark. Code Ann. § 5-65-103. The State proved that appellant had three prior DWI convictions on November 19, 1994; April 16, 1995; and August 29, 1999, to enhance the punishment for the September 11, 1999, DWI offense, making it a felony. As a result, appellant was convicted of felony driving while intoxicated on June 12, 2000.

■ ■ It is unclear what remedy appellant seeks on appeal. Appellant merely requests that this court find that "the detention of the appellant by Officer King amounted to an illegal arrest or, in the alternative, that Act 1077 as applied to the appellant violated the *ex post facto* law." Even assuming that appellant is correct in that he was illegally arrested, an invalid arrest may call for the suppression of a confession or other evidence, but it does not discharge a defendant from the responsibility of the offense. *Urquhart v. State*, 30 Ark. App. 63, 782 S.W.2d 591 (1990) (citing *Clark v. State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989)), *see also Lamb v. State*, 21 Ark. App. 111, 730 S.W.2d 252 (1987) (affirming defendant's conviction of driving while intoxicated where an officer had the authority to issue a citation even though outside her jurisdiction). Appellant makes no argument to this court which would support overturning his conviction based upon an allegedly illegal arrest. Thus, we do not reach the merits of appellant's first point because appellant failed to request any form of proper relief. *Cf. Hall v. State*, 314 Ark. 402, 862 S.W.2d 268 (1993) (affirming appellant's conviction where appellant improperly requested a mistrial rather than admonition to the jury).

Appellant's second point is equally unavailing. Appellant argues that Ark. Code Ann. § 5-65-111(b)(3) (Supp. 1999), which allows the State to use prior DWI convictions within five years of a subsequent DWI arrest to enhance the penalty, as applied to appellant's facts, violates the prohibition against *ex post facto* law. For enhancement purposes, the prior law only allowed the State to consider DWI convictions from the past three years. Ark. Code Ann. § 5-65-111(b)(3) (Repl. 1997). The current revision of Ark. Code Ann. § 5-65-111(b)(3) allows the State to consider DWI convictions over the previous five years. Pursuant to the statute, the State used appellant's prior convictions on November 19, 1994; April 16, 1995; and August 29, 1999, to enhance the punishment for the September 11, 1999, DWI offense. The prior convictions resulted in a felony for appellant's fourth offense of driving while intoxicated.

Appellant contends that the State is attempting to revive the previous convictions of November 19, 1994, and April 16, 1995, and that they had expired under the old law and cannot be revived or brought back to life to be used against appellant by the State once these convictions were gone. However, our supreme court has addressed a similar issue in *Sims v. State*, 262 Ark. 288, 556 S.W.2d 141 (1977). In *Sims*, the court held that enhancement of punishment for the offense of driving while under the influence of intoxicants by reference to prior convictions occurring before the sentence enhancement statute was effective did not involve prohibited application of *ex post facto* law. *Id.* In *Sims*, the defendant had been convicted of DWI on July 9, 1974, and November 2, 1974. *Id.* at 288, 262 S.W.2d at 141-42. He was charged with DWI again on March 26, 1976, and pursuant to Act 931 of 1975, he was charged as a third-time violator. *Id.* The defendant argued that because the two prior offenses were committed before the effective date of the Act, enhancing the penalty was an *ex post facto* law as to him. *Id.* at 142, 262 S.W.2d at 289. The court rejected the argument, noting that the offense for which he was being charged occurred after the effective date of the Act and that the Act gave notice that any future offense would subject offenders to increased penalties. *Id.*

The same is true in the case at hand. Appellant was charged with his fourth DWI on September 11, 1999. The effective date of the amendment to the statute was July 30, 1999. Therefore, appellant had notice that any future offense would subject him to increased penalties, and the enhancement of penalties in this case for appellant's fourth DWI offense did not violate the prohibition against *ex post facto* law.

Affirmed.

ROBBINS and VAUGHT, JJ., agree.