Darren Ray GARDNER *v.* STATE of Arkansas

CA CR 01-843 64 S.W.3d 761

Court of Appeals of Arkansas
Division IV
Opinion delivered December 19, 2001

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellant.

*Mark Pryor*, Attorney General, by: *Clayton K. Hodges*, Assistant Attorney General, for appellee.

JOHN B. ROBBINS, Judge. Appellant Darren Ray Gardner appeals his convictions for one count of rape and two counts of first-degree sexual abuse as decided after a bench trial in Pulaski County Circuit Court. He was sentenced to forty years, ten years, and ten years, respectively, and the sentences were to run concurrently. Appellant argues on appeal that his convictions are not supported by sufficient evidence in that the dates of the alleged sexual abuses and rape as listed on the information do not fit with the State's evidence. However, appellant did not preserve this issue for appellate review, and thus we cannot reach the merits of this claim. Appellant alternatively argues that because the State could not prove that the offenses occurred within the applicable statute of limitations, then his convictions must be reversed and dismissed. We disagree with this contention. Therefore, we affirm.

The prosecution of this case commenced on November 18, 1999, when a bench warrant was issued pursuant to the filing of an information. The three-count felony information alleged that the rape and sexual abuses occurred between March 1 and April 30, 1998. At that time, the victim, A.H., who stated that her birth date was May 13, 1990, was seven years old. At the time of trial, A.H. was nine years old and in the fourth grade.

The evidence adduced at trial was as follows. A.H. testified that appellant was her mother's former boyfriend who had lived with them off and on for some time. The crime was reported on or about July 4, 1999, when A.H. revealed to two of her cousins, aged sixteen and twelve, that appellant had made her do sexual things. The girls thought she was kidding until A.H. began to cry. The cousins reported what A.H. had told them to their grandmother, and this led to telling A.H.'s mother. The police were summoned, and the prosecution began. The substance of A.H.'s testimony was that she, her mother, and appellant lived together in a trailer, and

appellant often took care of A.H. while her mother was gone. A.H. reported incidents of appellant touching her on her breast, bathing with her and having her sit on his lap, having her watch pornographic movies with him while she sat on his lap, and having her perform oral sex on him on more than one occasion. She could not recall dates, though she remembered that her mother and appellant were in a relationship through a couple of moves, and she and her mother lived in an apartment for some period of time, though she did not know where. She thought that the crimes occurred when they all lived together in "the trailer." A.H. did not pinpoint which trailer, but she did recall that one of the events happened in her "mom's room." A.H. was told by appellant to keep the "bad stuff" a secret.

A.H.'s mother testified that she had no knowledge of any of these crimes. Her mother stated that they lived in Rolling Hills Apartments between March and April of 1998, and that appellant had access to her alone during that time as well as before and after those dates. She said that she had undergone major surgery and that appellant helped take care of A.H. during her recovery and after she went back to work.

Appellant testified that these were false allegations and that he was told that A.H. had been molested by her natural father. He thought that A.H. was lying and that her mother put her up to it. Appellant recalled that A.H. and her mother moved in with him in his trailer at Bowman Trailer Park when her mother lost her job as the trailer park manager, when A.H. was about two years old. Appellant stated that A.H. and her mother moved to an apartment in which the mother's sister was residing for a while because he could no longer afford to have A.H and her mother live with him. Appellant said he only visited the apartment. Appellant said that he, A.H., and A.H.'s mother lived together again in A.H.'s mother's trailer when they moved to Rolling Hills Trailer Park. Appellant stated that he eventually broke off their relationship when he caught A.H.'s mother in an infidelity with a neighbor. Appellant averred that he had not had any contact with A.H. or her mother in years until these allegations arose.

At the close of the State's case, trial counsel stated that he was moving for a directed verdict on each charge, and then said, "They have not proven the requirements for rape, nor have they shown sexual abuse through their testimony." A general renewal was offered at the close of all of the evidence. Both the motion and the renewal were denied. The trial court found that appellant was guilty

of the three charged offenses and sentenced him accordingly. This appeal resulted.

Gardner's directed-verdict motions were too general to challenge any element lacking in the State's proof. Accordingly, the sufficiency challenge is not properly preserved for appeal. Even Gardner's appellate counsel acknowledges in his brief that trial counsel may have failed to properly raise and preserve the issue for appellate review. We agree.

In order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Conner v. State*, 334 Ark. 457, 978 S .W.2d 300 (1998). A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id.*; *See, e.g., Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582 (1997) (claiming that the State failed "to prove a prima facie case"); *Lovelady v. State*, 326 Ark. 196, 931 S.W.2d 430 (1996) (declaring that the State "failed to meet its burden of proof"). Appellant herein failed to make a specific enough motion to preserve the issue.

In appellant's alternate argument, he states that because there is no proof of when the offenses occurred, other than the dates set forth in the information, which do not match with the testimony, the State failed to prove that any offense occurred within the statute of limitations. The State notes that this argument is raised for the first time on appeal, but that this is permissible because it involves the statute of limitations, which implicates jurisdiction to hear the case and cannot be waived. *See Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993); *Scott v. State*, 69 Ark. App. 121, 10 S.W.3d 476 (2000). Therefore, appellant's failure to raise the issue at trial does not prohibit him from raising it on appeal.

A prosecution for rape must be commenced within six years, and a prosecution for first-degree sexual abuse must be commenced within three years. Ark. Code Ann. § 5-1-109(b)(1) and (2) (Repl. 1997). "A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument, provided that such warrant or process is sought to be executed without unreasonable delay." Ark. Code Ann. § 5-1-109(f) (Repl. 1997). This prosecution commenced on November 18, 1999.

 On appellate review of a statute-of-limitations question, we review the record in the light most favorable to the State. *See Hunter v. State*, 330 Ark. 198, 952 S.W.2d 145 (1997). According to Arkansas Code Annotated section 5-1-109(h), a limited exception to the general running of the statute of limitations was adopted in 1987, and it reads:

> If the period prescribed in subsection (b) has expired, a prosecution may nevertheless be commenced for violations of the following offenses if, when the alleged violation occurred, the offense was committed against a minor, the violation has not previously been reported to a law enforcement agency or prosecuting attorney, and the period prescribed in subsection (b) has not expired since the victim has reached the age of eighteen (18)[.]

The offenses enumerated in subsection (h) include rape and sexual abuse in the first degree.[1] The effect of subsection (h) is to extend the statute of limitations for a Class Y felony, such as rape, for up to six years beyond the eighteenth birthday of the victim, and for a Class C felony, such as first-degree sexual abuse, for up to three years beyond the eighteenth birthday of the victim, regardless of the age of the victim at the time of the offense. *See* 1998 Supplementary Commentary to Ark. Code Ann. § 5-1-109 (Repl. 1997). The Commentary explains that a ten-year-old rape victim could, in theory, wait until the day before his twenty-fourth birthday to obtain an arrest warrant. *See id.* This case fits the criteria of subsection (h) in that the offenses were committed against a minor, the offenses had not been reported to authorities on any earlier occasion, and the limitations periods, by definition, could not have expired until well after the victim reached the age of eighteen, since she was and is still a minor. This criminal action was commenced within the applicable statutes of limitation, and we reject appellant's contention to the contrary.

Affirmed.

GRIFFEN and ROAF, JJ., agree.

---

[1] Following appellant's conviction, Arkansas Code Annotated section 5-14-108, sexual abuse in the first degree, mentioned in the tolling provisions of 5-1-109(h) was repealed by Acts 2001, No. 1738. The present law addressing this type of criminal conduct appears in §§ 5-14-124 to 5-14-127.