Ronnie Dean GARRETT *v.* STATE of Arkansas

CR 01-923 69 S.W.3d 844

Supreme Court of Arkansas
Opinion delivered March 7, 2002

*Ed Webb & Associates*, by: *Lynn D. Lisk*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. On June 7, 1995, appellant, Ronnie Dean Garrett, was arrested and charged with driving while intoxicated ("DWI"). On August 1, 1995, appellant entered a guilty plea to the offense as charged. At that time, the DWI Omnibus Act provided that, in the event of a second DWI conviction during a period of three years from the date of the first conviction, the charge and punishment for any subsequent DWI offense occurring within that three-year period would be enhanced. *See* Ark. Code Ann. § 5-65-111(b)(1) (Repl. 1997). In 1999, the legislature amended the statute by substituting a five-year look-back period for the earlier three-year look-back period. *See* Ark. Code Ann. § 5-65-111 (Supp. 1999). On February 26, 2000, appellant was arrested and charged with second-offense DWI.

On March 6, 2001, a hearing on the matter was held in Lonoke County Circuit Court. At trial, appellant conceded that he was operating a motor vehicle while intoxicated at the time of his February 26, 2000, arrest, and does not raise a sufficiency of the evidence argument. Appellant was convicted of second-offense DWI, fined $400.00, and ordered to serve seven days in jail.

On appeal, appellant raises three allegations of error. First, he alleges that the five-year look-back period of the 1999 Omnibus Act is an unconstitutional *ex post facto* statute. Secondly, he argues that the five-year look back period of the statute violates the double-jeopardy clause. Finally, he contends that the 1999 Omnibus Act does not permit a revival of appellant's first DWI conviction. Finding no merit in these arguments, we affirm.

For his first point on appeal, appellant argues that Act 1077 of 1999, codified at Ark. Code Ann. § 5-65-111, violates the *ex post facto* clauses of the state and federal constitutions. Specifically, he argues that convicting him under a 1999 statute, which contained an enhanced sentence for a second offense occurring within a five-year period from an earlier conviction, constitutes an *ex post facto* punishment for his earlier crime.

■■ This argument presents an issue of statutory interpretation. If the language of a statute is clear and unambiguous and conveys a clear meaning, it is unnecessary to resort to the rules of statutory interpretation. *Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001). In reviewing the act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.* We also look to the legislative history, the language, and the subject matter involved. *Id.*

At the time of his first offense, Ark. Code Ann. § 5-65-111(b)(1) (Repl. 1997) was in effect. That statute provides in pertinent part:

> (b) Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 or any other equivalent penal law of another state or foreign jurisdiction shall be imprisoned:
>
> (1) For no less that seven (7) days and no more than one (1) year for the second offense occurring within three (3) years of the first offense; . . . [.]

*Id.* At the time of appellant's first DWI conviction, no enhancement was applicable because no second DWI offense had occurred.

In July, 1999, the legislature amended the DWI Omnibus Act, specifically Ark. Code Ann. § 5-65-111, which provides as follows:

> (b) Any person who pleads guilty or nolo contendere to or is found guilty of violating § 5-65-103 or any other equivalent penal law of another state or foreign jurisdiction shall be imprisoned or shall be ordered to perform public service in lieu of jail as follows:
>
> > (1) For no fewer than seven (7) days but no more than one (1) year for the second offense occurring within five (5) years of the first offense or no fewer than thirty (30) days of community service; . . . [.]

*Id.* Appellant was given an enhanced punishment for his conviction under the statute in effect at the time of his February 26, 2000, conviction. From the date of passage of Act 1077 of 1999, a conviction of a DWI offense would be enhanced by the showing of a prior DWI conviction within five years of the date of the occurrence of the new offense.

■■ In general, "An *ex post facto* law declares an offense to be punishable in a manner that it was not punishable at the time it was committed, and relates exclusively to criminal proceedings." *Taylor v. The Governor*, 1 Ark. 21 (1837). *See also Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990). An *ex post facto* law is one that makes an action done before the passing of the law, and which was innocent when done, criminal or one that aggravates a crime, or makes it greater than it was, when committed. *Herman, et al v. State*, 256 Ark. 840, 512 S.W.2d 923 (1974). For *ex post facto* to apply, there must be a change in the law that either criminalizes a previously innocent act or that increases the punishment received for an already criminalized act. *Jones v. State*, 347 Ark. 455, ___ S.W.3d ___ (2002).

■ In *Sims v. State*, 262 Ark. 288, 556 S.W.2d 141 (1977), where the defendant had been convicted twice for DWI before the legislature in 1975 passed an act increasing the penalty for a third DWI offense. Sims committed such a third offense in 1976, after the new law was effective. We upheld the law, reasoning that the enhanced penalty "is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses." *Id.*

In the present case, the conviction in February 2000 was predicated upon the passage of Act 1077 of 1999. The crime was punishable in accordance with the law in effect at the time of the criminal act. Appellant was convicted on either June 7 or June 8, 1995, for his first-offense DWI. On August 1, 1995, he entered a plea of guilty. His sentence at the time was not enhanced because he had no prior DWI convictions. At that time, the 1997 statute, which included a three-year look-back period, was in effect. On August 1, 1999, the legislature enacted a five-year look-back period. On February 26, 2000, appellant was arrested for a second-offense DWI, which was enhanced by his earlier conviction.

 Under *Sims, supra*, appellant had notice of the 1999 legislative amendment that any future DWI offense would subject him to an increased penalty. He repeated the DWI offense on February 26, 2000, thereby subjecting himself to an enhanced sentence under the 1999 amendment, which was in effect at the time of his second offense. We note the well-established rule that a sentence must be in accordance with the statutes in effect on the date of the crime. *State v. Ross*, 344 Ark. 364, 39 S.W.3d 789 (2001). The 1999 amendment was in effect on the date of his February 2000 second offense when he was sentenced accordingly. Thus, appellant's sentence under the provisions of Ark. Code Ann. § 5-65-111 (Supp. 1999) was not violative of *ex post facto* laws.

 Appellant's reliance upon *Carmell v. Texas*, 529 U.S. 513 (2000), is misplaced. Here, there was no retroactive application of legislation that effected a change in evidentiary law. *Id*. Here, the only change made in Ark. Code Ann. § 5-65-111 was that the five-year look-back period widened the period of time during which appellant's status as a DWI offender could be used as an element of a second DWI offense. We have held that prior DWI convictions are elements of subsequent DWI offenses. *E.g., Hagar v. City of Fort Smith*, 317 Ark. 209, 877 S.W.2d 908 (1994).

 The State urges that our holding in *Ross, supra*, where we addressed Act 595, passed in 1995, concerning a felon in possession of a firearm, is not controlling in this case. We agree. In *Ross, supra*, the key issue was an expungement of the record once Ross fulfilled the terms of his probation. In the present case, however, appellant had no expectation of having his record expunged under the statute. *See also* Ark. Code Ann. § 5-65-108(c) (Repl. 1997). Here, the question does not go to expungement but rather to the enhancement of the sentence, and it is within the legislature's power to

amend the statute to include an enhanced sentence for a second DWI offense during a five-year look-back period.

For his second point on appeal, appellant argues that double jeopardy attached to him on August 1, 1995 when he was convicted of his first DWI offense. The trial court's order, dated May 10, 2001, states:

> On March 6, 2001 a hearing was held in this case. At that hearing the Defendant argued that it violated the constitutional prohibitions against ex-post facto applications of law *and the double jeopardy clause of the constitution* for the state to use a four and one-half year old conviction for DWI to enhance the charge in this case from a DWI one to a DWI two charge.

 The United States Supreme Court has recognized that Double Jeopardy consists of several protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments of the same offense.

*Schiro v. Farley*, 510 U.S. 222 (1994) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)).

The United States Supreme Court has also upheld "the use of prior convictions to enhance sentences for subsequent convictions, even though this means a defendant must, in a certain sense, relitigate in a sentencing proceeding conduct for which he was previously tried." *Schiro, supra* (citing *Spencer v. Texas*, 385 U.S. 554 (1967)). As the Court points out, the double-jeopardy clause "is written in terms of potential or risk of trial and conviction, not punishment." *Id.* (citing *Price v. Georgia*, 398 U.S. 323 (1970)).

 The trial court did not rule on the double jeopardy issue. We have held that a constitutional issue will not be addressed if it was not brought to the trial court's attention for a ruling during trial or at some point prior to the entry of final judgment. *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999).

For his third point on appeal, appellant argues that nowhere in Act 1077 of 1999, codified at Ark. Code Ann. § 5-65-111, does it state that prior offenses, whose three-year look-back period has

expired, are to be "revived" for the purposes of prosecution. Specifically, appellant argues that there is no indication of legislative intent as to "reviving" prior convictions.

At the March 6, 2001, hearing, appellant stated,

His [appellant's] three years were up a year and a half before this stop and it is our contention this violates *ex post facto* and double jeopardy. This is a *retroactive application of substantive, non-procedural law* when a three year period has completely expired and then you suddenly change the law and pick it back up again. This should be a DWI First Offense is our contention.

We disagree with appellant's argument. The first DWI offense was not revived. It was and remains on appellant's criminal record. The 1999 DWI statute in effect at the time of appellant's second conviction simply enhanced the sentence for that conviction based upon his earlier conviction. Moreover, it is unclear as to whether he obtained a specific ruling on the "revival" argument that he now raises on appeal. When appellant committed his second-offense DWI in February 2000, the 1999 amendment, codified at Ark. Code Ann. § 5-65-111, was already in effect, and consequently, appellant suffered no retroactive application of that statute.

Finally, appellant's discussion of Ark. Code Ann. § 5-65-111(c) (Supp. 1999) is inapposite. This statutory provision concerns offenses "occurring before July 30, 1999, which have not reached a final disposition." *Id.* Appellant's second offense occurred in February 2000, and his prior offense was disposed of in 1995. Under the 1999 amended statute, he remains a DWI-second offender.

Accordingly, we affirm appellant's sentence and conviction.

Affirmed.