David M. DYE *v.* STATE of Arkansas

CA CR 02-921                                    119 S.W.3d 513

Court of Appeals of Arkansas
Division IV
Opinion delivered May 14, 2003

*Gary W. Potts*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant, David M. Dye, was tried and convicted by a jury of twenty-three counts of possession of child pornography and three counts of rape. He was sentenced to consecutive terms of imprisonment totaling 250 years in the Arkansas Department of Correction. Dye argues on appeal that the trial court abused its discretion in denying his motion to dismiss based on the running of the statute of limitations.

Dye sold a used computer to Ms. Tia Smith, who later discovered that its hard drive contained hundreds of pictures of child pornography. A search warrant was issued for Dye's home. Officers uncovered more depictions of child pornography in a locked footlocker. Some of the photos were of Dye engaging in sexual acts with young boys from his local area. The mothers of the boys identified them. One victim, B.A., identified himself in some of the photographs and established that they were taken around 1983 or 1984, when he was five or six years of age.

Prior to trial, Dye moved to dismiss the rape charges, arguing that the six-year statute of limitations in effect at the time of the rapes had expired. *See* Ark. Stat. Ann. § 41-104 (Repl. 1987). In response, the State contended that Acts 484 and 586 of 1987, which were passed before the offenses involving B.A. were barred by § 41-104, extended the statute of limitations for offenses involving minors, and applied retroactively to allow prosecution of Dye for the offenses involving B.A. The trial court agreed with the State and denied Dye's motion to dismiss.

■ ■ On appeal, Dye relies heavily on *Morton v. Tullgren*, 263 Ark. 69, 563 S.W.2d 422 (1978), which holds that a strong presumption exists that statutes are not to be retroactively applied unless there is a clear legislative intention that they be so applied. *Id.* at 73, 563 S.W.2d at 425. *See also City of Cave Springs v. City of Rogers*, 343 Ark. 652, 37 S.W.3d 607 (2001). Specifically, statutes of limitation ought to be construed as prospective in operation "unless otherwise expressed or that they cannot have the intended operation by any other than a retrospective construction." *Morton v. Tullgren* at 74, 563 S.W.2d at 425 (quoting *Baldwin v. Cross*, 5 Ark. 510 (1844)). In the present case, we find that the General Assembly intended to retroactively apply Ark. Code Ann. § 5-1-109(h) (Supp. 2003), and, thereby, extend the six-year statute of limitations for rapes involving minor victims.

■ Acts 484 and 586 of 1987, now codified at Ark. Code Ann. § 5-1-109(h), provide that if the six-year statute of limitations for rape has expired, "a prosecution may nevertheless be commenced . . . if, when the alleged violation occurred, the offense was committed against a minor, the violation has not previously been reported to a law enforcement agency or prosecuting attorney, and the [six-year statute of limitations] has not expired

since the victim has reached the age of eighteen (18)." The General Assembly expressly stated that the purpose of the statute was to "extend" the statute of limitations. Further, the General Assembly stated in the preambles of Acts 484 and 586 that "in many instances, child victims are threatened or intimidated to prevent the prompt reporting of abuse or sexual offenses," and that "it is in the best interest of the State to extend the statute of limitations for certain offenses involving child victims." It appears that the express purpose for the enactment of Ark. Code Ann. § 5-1-109(h) was to extend the statute of limitations for offenses that might have already occurred, but, because of the tender age of the victims, had not yet been reported. Therefore, the trial court did not err in denying Dye's motion to dismiss because the General Assembly intended that the amendment apply retroactively.

■ ■ Arkansas case law also provides that no one has any vested right in a statute of limitations until the bar of the statute has become effective. *Morton v. Tullgren, supra; Horn v. Horn*, 226 Ark. 27, 287 S.W.2d 586 (1956); *Pinkert v. Lamb*, 215 Ark. 879, 224 S.W.2d 15 (1949). The General Assembly may also validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action which has not been barred at the time the new statute becomes effective. *Morton v. Tullgren; also Hill v. Gregory*, 64 Ark. 317, 42 S.W. 408 (1897). The critical question is one of legislative intent. *Id.*

■ Having already determined that the General Assembly expressly intended the amendment to apply retroactively in order to protect minors, we hold that the present case was not barred by the six-year statute of limitations. The victim was born on March 25, 1978, and was abused during either 1983 or 1984, which would have resulted in the previous statute of limitations running during 1989-90. However, the 1987 amendment to the statute tolled the running of the statute of limitations until six years after the victim reached majority. Therefore, Dye had no vested right in the statute, and the charges were timely filed.

Affirmed

PITTMAN and NEAL, JJ., agree.