Charles D. YOUNG *v.* Larry NORRIS, Director,
Arkansas Department of Correction and Larry Jegley, Prosecutor,
Pulaski County, Arkansas

05-1167                                              226 S.W.3d 797

Supreme Court of Arkansas
Opinion delivered February 2, 2006

Appellant, *pro se*.

No response.

PER CURIAM. In 2001, Charles D. Young entered a plea of guilty to rape and received a sentence of 120 months' imprisonment in the Arkansas Department of Correction. Young filed a petition for writ of *habeas corpus* in Pulaski County while incarcerated in Jefferson County. The trial court denied the petition and we affirmed. *Young v. State*, CR 02-1260 (March 5, 2003) (*per curiam*).

Subsequently, Young filed a motion for writ of error *coram nobis* and for postconviction relief pursuant to Ark. R. Crim. P. 37.1 in the Pulaski County trial court. The trial court denied the petition and Young lodged an appeal here from the order. As Young untimely pursued his Rule 37.1 remedy, we limited the scope of the appeal to the grounds set forth in the writ of error *coram nobis*. *Young v. State*, CR 04-1100 (February 3, 2005) (*per curiam*). We affirmed the trial court's denial of the petition for writ of error *coram nobis*. *Young v. State*, CR 04-1100 (November 17, 2005) (*per curiam*). Young devoted a portion of the *coram nobis* appeal to the trial court's lack of jurisdiction, claiming that the statute of limitations had expired at the time Young was charged with rape. We held that Young was charged within the applicable statute of limitations.

Prior to our decision denying Young's writ of error *coram nobis*, Young filed a petition for writ of *habeas corpus* in Jefferson County where Young was incarcerated. The trial court denied the petition and Young appealed that decision. Now before us is appellant's *pro se* motion to file an overlength brief under seal,

motion to suspend and re-set the briefing schedule in this matter and motion seeking remand of this case to circuit court and appointment of counsel.

We need not consider the motions as it is apparent that appellant could not prevail in this appeal if it were permitted to go forward because he failed to demonstrate a ground for the writ. Accordingly, we dismiss the appeal and hold the motions moot. This court has consistently held that an appeal from an order that denied a petition for writ of *habeas corpus* will not be permitted to go forward where it is clear that the appellant could not prevail. *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (*per curiam*); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (*per curiam*); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994) (*per curiam*); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (*per curiam*).

It is well settled that the burden is on the petitioner in a *habeas corpus* petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of *habeas corpus* should issue. *See Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990) (*per curiam*). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence, [of] probable cause to believe" he is illegally detained. Ark. Code Ann. § 16-112-103 (1987); *see Wallace v. Willock*, 301 Ark. 69, 781 S.W.2d 478 (1989); *see also Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Appellant here made neither showing.

Appellant argues that the trial court lacked jurisdiction as a result of the expiration of the statute of limitations at the time he was charged with the crime of rape. The appellees contended below that the issue is not jurisdiction, but contrary to the appellees' position, a statute of limitations issue "implicates jurisdiction to hear the case and cannot be waived" in a criminal matter. *Gardner v. State*, 76 Ark. App. 258, 262, 64 S.W.3d 761 (2001), *citing Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993) and *Scott v. State*, 69 Ark. App. 121, 10 S.W.3d 476 (2000). However, we previously considered, and rejected, this very argument in appellant's petition for writ of error *coram nobis*. *Young v. State*, CR 04-1100 (November 17, 2005) (*per curiam*).

Appellant was charged with rape of a person less than fourteen years old, pursuant to Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Repl. 1997). As provided by statute, the applicable

six-year statute of limitations may begin to run from the date "the victim has reached the age of eighteen," thereby extending the original statute of limitations beyond six years after the commission of the crime. Ark. Code Ann. § 5-1-109(b)(1) and (h) (Repl. 1997). Appellant insists that the statute of limitations began to run on the date the victim got married, contending that removal of the victim's disabilities as a minor triggered the limitation period. As before, appellant continues to ignore the plain language of the statute which states specifically that the six-year statute of limitations begins to run when the victim turns eighteen years of age, and not when the victim reaches the age of majority. Therefore, we again reject appellant's argument on this point.

As a corollary to his jurisdiction argument, appellant claims that the 1987 modification[1] in the statute of limitations amounts to the application of an *ex post facto* law, citing *Stogner v. California*, 539 U.S. 607 (2003).[2] In *Garrett v. State*, 347 Ark. 860, 69 S.W.3d 844 (2002), we explained *ex post facto* laws:

> In general, "An *ex post facto* law declares an offense to be punishable in a manner that it was not punishable at the time it was committed, and relates exclusively to criminal proceedings." *Taylor v. The Governor*, 1 Ark. 21 (1837). *See also Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990). An *ex post facto* law is one that makes an action done before the passing of the law, and which was innocent when done, criminal or one that aggravates a crime, or makes it greater than it was, when committed. *Herman, et al v. State*, 256 Ark. 840, 512 S.W.2d 923 (1974). For *ex post facto* to apply, there must be a change in the law that either criminalizes a previously innocent act or that increases the punishment received for an already criminalized act. *Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002).

347 Ark. at 864, 69 S.W.3d at 846.

---

[1] Acts 484 and 586 of 1987, codified at Ark. Code Ann. § 5-1-109(h), added the language allowing the rape statute of limitations to begin when the victim turns eighteen years old.

[2] In 1998, the State of California charged Stogner with rape that occurred between 1955 and 1973, based on a 1993 modification in the law. In a 5-4 decision, the United States Supreme Court held that due to the extraordinary passage of time since the offense occurred and the enactment of the statutory modification, the law was "unfairly retroactive *as applied to Stogner.*" 539 U.S. at 632. (Emphasis supplied). The *Stogner* decision does not hold all statute of limitations modifications to be *ex post facto* as a matter of law, as appellant contends.

The extension of the statute of limitations period is not tantamount to an *ex post facto* law. Arkansas law did not deem rape of a person less than fourteen years of age to be an innocent act before the 1987 statutory amendment; nor did the amendment change the applicable punishment for rape. In *Dye v. State*, 82 Ark. App. 189, 119 S.W.3d 513 (2003), the court of appeals considered the same argument couched in terms of retroactively applying a law, considering a nearly identical time frame related to charges of rape of a person less than fourteen years of age. Therein, the court of appeals noted that case law "provides that no one has any vested right in a statute of limitations until the bar of the statute has become effective" and that the legislature "may also validly enlarge the period of limitations and make the new statute, rather than the old, apply to any cause of action which has not been barred at the time the new statute becomes effective." 82 Ark.App. at 192, 119 S.W.3d at 515. Based on express legislative intent, the court of appeals correctly held that the 1987 extension of the statute of limitations could be applied retroactively.

In the instant case, the judgment and commitment order referenced an offense date of September 3, 1983, when the victim was six years old. The legislature passed the 1987 amendment during the original six-year limitations period, which would have initially expired in 1989. Appellee charged appellant with rape in 2000, which was within six years after the victim turned eighteen years old in 1995. The court of appeals considered essentially the same time frames in *Dye*. We agree and hold that the 1987 amendment does not create an *ex post facto* law as applied to appellant in this matter.

Appellant also stated that the 1987 statutory modification violated his constitutional right of equal protection, but did not pursue this point in his argument. We consider that point to be abandoned. *Hale v. State*, 343 Ark. 62, 31 S.W.3d 850 (2000).

Appeal dismissed; motions moot.