Michael ANDERSON  *v.*  Larry NORRIS, Director,
Arkansas Department of Correction

06-1452                                                     257 S.W.3d 540

Supreme Court of Arkansas
Opinion delivered May 24, 2007

Appellant, pro se.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Michael Anderson, a prisoner in the Arkansas Department of Correction, filed a petition for writ of habeas corpus in Jackson County Circuit Court. The petition was denied, and appellant now brings this appeal of that order in this court.

A judgment and commitment order entered in Crittenden County Circuit Court on August 14, 2000, reflects that appellant entered negotiated pleas of guilty to charges of first-degree murder and first-degree battery, and received sentences of 480 months' imprisonment on the murder charge and 240 months' imprisonment on the battery charge, which were to run consecutively. In his petition and brief, appellant argues that these sentences were illegal because the terms fell outside the sentencing grid and the aggravating factors used to support departure from the sentencing grid were not included in either of the informations that charged appellant. The circuit court found that appellant failed to state a claim upon which habeas relief could issue.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002). Here, the circuit court was not clearly erroneous to determine that appellant's allegations did not support a claim for habeas relief.

The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence, [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

Here, appellant contends that the commitment was invalid because the sentences, although within the maximum range provided by the statutes describing the offenses, fell outside of the presumptive range for the charges. He argues that the aggravating factors upon which the trial court based any departure must have been included in the information as elements of the charges, and were not. Appellant bases his argument on the decision in *Blakely v. Washington*, 542 U.S. 296 (2004), asserting that the maximum legal sentences were actually the presumptive maximums because no aggravating factors were included in the informations charging appellant.

The appellee urges that we look no further than the fact that the sentences were within the statutory range. Appellant does not dispute that the sentences are within the range set in Ark. Code Ann. § 5-4-401 (Repl. 2006) for the class of offense for each charge. Rather, appellant argues that the aggravating factors required for a departure from the presumptive sentence were elements of the charges that must have been included in the information.

The appellee is correct, however, that we will look only to application of the statutory range under the circumstances presented here. The judgment indicates appellant entered a negotiated plea. The informations indicate that appellant was charged with capital murder and first-degree battery. His plea statement indicates that appellant had been advised that the applicable punishment was the full statutory range of the charges, and that appellant understood that he could plead "not guilty" and that he would have a right to a jury trial if he did so. The sentence recommendation indicates that the prosecuting attorney agreed to the sentences appellant received in return for appellant's plea on the charges, and that the parties would fully inform the court of all aggravating facts and circumstances.

Under these circumstances, where it is clear that appellant waived his right to a jury trial, that appellant accepted a plea on the maximum sentence on a lesser included offense and the maximum sentence on the battery charge to avoid a capital murder charge, that appellant had been advised of the full statutory range for the charges, and that appellant was advised that the court would be informed of aggravating factors and circumstances, we cannot say that appellant met his burden to show probable cause to believe that he is illegally detained. Whether the informations in this instance were sufficient or not, prior to the entry of his plea, appellant was well informed as to the nature of the charges and the range of punishment those charges carried. Appellant has not, therefore, shown that the commitment was invalid on its face.

Because appellant failed to state a cognizable claim, he did not meet his burden and has failed to show any basis for a finding that a writ of habeas corpus should issue. We accordingly affirm the denial of appellant's petition by the circuit court.

Affirmed.