

# SUPREME COURT OF ARKANSAS

No. CR-13-480

| | |
|---|---|
| TONY BERNARD SMITH<br>PETITIONER | **Opinion Delivered** November 21, 2013 |
| V. | SECOND AMENDED PETITION<br>FOR WRIT OF HABEAS CORPUS<br>FROM THE CROSS COUNTY<br>CIRCUIT COURT |
| J.R. SMITH, CROSS COUNTY<br>SHERIFF; CROSS COUNTY<br>DETENTION FACILITY | [NO. 19CR-13-101-1] |
| RESPONDENT | PETITION DENIED. |

**PER CURIAM**

The present case stems from capital-murder charges filed against Tony Bernard Smith in Phillips County, Arkansas, on July 15, 2011. On April 28, 2011, Michael Campbell was killed in an attempted aggravated robbery. On April 29, 2011, Smith was arrested in connection with Campbell's death, and has been detained in the Cross County jail since his arrest.[1] On July 15, 2011, Smith was charged with aggravated robbery and capital murder.

Smith filed a petition for writ of habeas corpus against the Cross County Sheriff, J.R. Smith, which we deemed moot and denied without prejudice on June 6, 2013, and an amended petition for writ of habeas corpus, which we denied without prejudice, also on June 6, 2013. On September 17, 2013, Smith filed a second amended petition for writ of habeas corpus, which is now before this court.

---

[1]Smith was initially held at the Phillips County jail. However, on April 22, 2013, the Phillips County jail shut down and Smith was transferred to the Cross County jail.

Smith petitions the court to issue a writ of habeas corpus directing the Cross County Sheriff to release Smith from custody. Smith asserts that his continued detainment is in violation of his due process rights because the prosecutor has announced that there is insufficient evidence to move forward with the case.

A writ of habeas corpus is proper only when a judgment is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on Smith to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Smith must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798-99.

Here, none of the allegations raised by Smith called into question the trial court's jurisdiction. Assertions of trial error do not implicate the jurisdiction of the trial court. *See Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding).

Accordingly, we deny Smith's second amended petition for writ of habeas corpus.

Petition denied.

CORBIN, J., not participating.