SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-12-492

| | | |
|---|---|---|
| | | **Opinion Delivered** April 3, 2014 |
| DARRELL F. WATSON | | |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-02-4270] |
| V. | | |
| | | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

## PER CURIAM

In 2004, appellant Darrell F. Watson was found guilty in the Pulaski County Circuit Court of aggravated robbery and theft of property and sentenced to an aggregate term of 264 months' imprisonment. The Arkansas Court of Appeals affirmed. *Watson v. State*, CR-04-1398 (Ark. App. Aug. 31, 2005) (unpublished) (original docket No. CACR 04-1398).

In 2013, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Pulaski County, filed a pro se petition for writ of habeas corpus in the Pulaski County Circuit Court, which was docketed in his criminal case. In the petition for writ of habeas corpus, appellant alleged that the judgment-and-commitment order in his case was void because he was not afforded due process of law. There was no explanation for his claim except for the statement that the trial court lacked jurisdiction over the cause on the ground that it "failed to apply the standard legal due process analysis in determining the 'cause' of petitioner [sic] judgment of conviction." The trial court denied the petition, and appellant brings this appeal.

We find no error in the trial court's decision denying the petition. A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

Appellant's assertion of a denial of due process was a claim of trial error. We have specifically held that claims of trial error, including claims pertaining to due process and equal protection, are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Jones v. State*, 2014 Ark. 67 (per curiam); *Hill v. State*, 2013 Ark. 413 (per curiam); *see also Smith v. Smith*, 2013 Ark. 481 (per curiam) (Due process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam).

On appeal, appellant has altered the allegation raised in the habeas petition to include the claim that the trial court erred in admitting certain evidence at trial. Again, a claim of trial error is not a ground for the writ. Moreover, an appellant is limited to the scope and nature of the arguments advanced below, and an appellant cannot raise new arguments on appeal. *See Dodson*

*v. State*, 2013 Ark. 385 (per curiam); *see also Hogan v. State*, 2013 Ark. 223 (per curiam).

We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Hill*, 2013 Ark. 413 (citing *Pankau v. State*, 2013 Ark. 162). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam). Accordingly, the trial court's order is affirmed.

Affirmed.

*Darrell F. Watson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.