SLIP OPINION

Cite as 2014 Ark. 261

# SUPREME COURT OF ARKANSAS

No. CV-14-116

| | |
|---|---|
| | **Opinion Delivered**  May 29, 2014 |
| CHARLES WAYNE GREEN<br>APPELLANT | PRO SE APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF<br>[LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-13-87] |
| v. | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

**PER CURIAM**

In 2011, a judgment of conviction was entered in the Randolph County Circuit Court against appellant Charles Wayne Green, and appellant was sentenced to a term of imprisonment in the Arkansas Department of Correction ("ADC"). In 2013, appellant, who is incarcerated at a unit of the ADC located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court. In the petition, he complained that the writ should issue on the ground that the trial court in his case lacked jurisdiction to enter the judgment. The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Davis v. Hobbs*, 2014

Ark. 45 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus proceeding to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

A summary of the history of appellant's case is helpful in understanding the issues raised in the habeas petition. In 2003, appellant and his father, Billy Green, were charged in Randolph County Circuit Court with multiple felony offenses. Appellant elected to enter a negotiated plea of guilty to reduced charges in exchange for testifying for the State at Billy's trial. Billy was convicted and sentenced to death, but this court reversed the judgment and sentence and remanded the matter for a new trial.[1] *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006).

After Billy's case was reversed and remanded, petitioner refused to testify at Billy's second trial, and, as a result, his plea agreement was revoked. Appellant went to trial separately for the original offenses and was convicted and sentenced. We affirmed. *Green v. State*, 2012

---

[1] In 2012, Billy was convicted on retrial and sentenced to imprisonment for a term of years. This court affirmed. *Green v. State*, 2013 Ark. 497, ___ S.W.3d ___.

Ark. 347, 423 S.W.3d 62.

In appellant's petition for writ of habeas corpus, he argued that the revocation of his plea agreement based on his refusal to cooperate with the prosecution in his father's second trial was illegal and that the trial court, accordingly, lost jurisdiction of the case. He contended specifically that the trial court lacked authority to alter a sentence that had been put into execution.

Appellant was not entitled to issuance of a writ of habeas corpus. When the plea agreement in appellant's case was revoked after appellant refused to cooperate with the State at his father's second trial, appellant appealed to this court. He argued in the appeal that (1) the trial court erred in holding that he breached his plea agreement, (2) he fulfilled his obligation by testifying for the State at Billy's first trial and was not obligated to testify at Billy's retrial, (3) the State had no authority to vacate a consummated plea and sentence and that his sentence had been put into execution and could not be amended, and (4) permitting the trial court to vacate a plea agreement on the ground that the agreement was breached subjected him to double jeopardy and was a violation of the constitutional guarantees of due process of law. This court found no merit to the arguments and affirmed the order. *Green v. State*, 2009 Ark. 113, 313 S.W.3d 521.

In the habeas petition, appellant largely reiterated the arguments raised on appeal from the order that vacated the plea, all of which this court had rejected. He relied particularly on the claim that the sentence had been put into execution and could not be changed; but, as we said in the appeal, the trial court did not amend or modify appellant's sentence. Rather, the trial court enforced the terms of the plea agreement, and no constitutional right was violated by

SLIP OPINION

doing so. *Id.* at 117, 313 S.W.3d at 527.

The allegations raised by appellant did not call into question the trial court's jurisdiction. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). When a petitioner in a habeas proceeding fails to raise a claim sufficient to establish the facial invalidity of the judgment-and-commitment order or a lack of jurisdiction to enter the judgment, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *See Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant here clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458.

Appeal dismissed; motion moot.

*Charles Wayne Green*, pro se appellant.

No response.