SLIP OPINION

Cite as 2014 Ark. 420

# SUPREME COURT OF ARKANSAS

No. CV-13-114

| | | |
|---|---|---|
| JESSIE HILL | | **Opinion Delivered** October 9, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-12-570] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 1995, appellant Jessie Hill was found guilty by a jury in the Grant County Circuit Court of capital murder and by a jury in the Ouachita County Circuit Court of first-degree murder. He was sentenced to life imprisonment for the capital-murder conviction and 720 months' imprisonment for the first-degree-murder conviction. This court affirmed the judgment of conviction in the capital-murder case. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). No timely appeal was taken from the judgment of conviction in the first-degree-murder case, and this court denied appellant's motion for belated appeal. *Hill v. State*, CR-96-710 (Ark. Nov. 4, 1996) (unpublished per curiam). Appellant subsequently pursued various unsuccessful postconviction remedies in both cases.

On October 9, 2012, appellant filed in the Jefferson County Circuit Court, the county in which he was incarcerated,[1] a pleading entitled "Habeas Corpus; Unlawful Detainer; Motion

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

to Vacate, Set Aside, and Discharge; Motion for Disclosure." The circuit court treated appellant's pleading as a petition for writ of habeas corpus and dismissed the petition for failure to state a claim upon which relief may be granted. The circuit court further designated the dismissal of the petition as a "strike" pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005).[2] Appellant now brings this appeal.[3]

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, ___ S.W.3d ___ (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Pankau v. State*, 2013 Ark. 162. We find no error in the circuit court's order dismissing appellant's habeas petition and affirm.

A writ of habeas is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *See Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment of conviction or the lack of jurisdiction by the circuit

---

[2]A dismissal of an incarcerated person's civil action as frivolous, malicious, or for failure to state a claim upon which relief may be granted is commonly referred to as a "strike" under Arkansas Code Annotated section 16-68-607. *See, e.g.*, *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

[3]Subsequent to the filing of the October 9, 2012 habeas petition, appellant filed various other pleadings in the circuit court including another habeas petition, filed October 23, 2012. The only pleading referenced in the circuit court's order, however, is the October 9, 2012 habeas petition. Failure to obtain a ruling on a particular issue or pleading precludes this court from review on appeal. *See Craigg v. State*, 2014 Ark. 71 (per curiam).

court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

In support of issuance of the writ, appellant raised allegations of prosecutorial and police misconduct, due-process violations, juror bias, lack of probable cause to support his arrests, insufficient evidence to sustain his convictions, and actual innocence.[4] On appeal, appellant raises the same allegations that were raised below and additionally asserts that he was denied effective assistance of trial counsel. Because arguments raised for the first time on appeal could not have been considered by the lower court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam). Accordingly, we do not consider appellant's ineffective-assistance-of-counsel claim, which is raised for the first time on appeal.

As to appellant's claim that he is actually innocent of the crimes for which he was convicted, a petitioner asserting the right to be released on a writ of habeas corpus on the

---

[4]In the petition filed below and on appeal, appellant references both of his criminal cases.

ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the petition must be filed in the court in which the conviction was entered. Appellant did not invoke Act 1780 in his petition; nor did he file the petition in either of the circuit courts in which his convictions were entered.

Appellant's remaining claims are matters of trial error and are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the circuit courts or the facial validity of the judgment-and-commitment orders. *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (challenges to the sufficiency of the evidence and admissibility of evidence are not cognizable in a habeas proceeding); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error and are not cognizable in a habeas proceeding). A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Tarkington v. Norris*, 2012 Ark. 147 (per curiam). Appellant's allegations were, or should have been, raised and argued at trial, on direct appeal, or in a timely petition for postconviction relief.

Because appellant failed to show that the circuit courts in his criminal cases lacked jurisdiction or that the commitments entered against him were facially invalid, there was no basis for a finding that a writ of habeas corpus should issue. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Accordingly, we affirm the circuit court's order of dismissal.

Affirmed.

*Jessie Hill*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.