SLIP OPINION

Cite as 2014 Ark. 504

# SUPREME COURT OF ARKANSAS

No. CV-14-924

MICHAEL HINKSTON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered December 4,2014

PRO SE APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL [LEE COUNTY CIRCUIT COURT, NO. 39CV-14-72]

HONORABLE RICHARD L. PROCTOR, JUDGE

APPEAL DISMISSED; MOTION MOOT.

## PER CURIAM

In 1997, appellant Michael Hinkston was charged with capital felony murder, with residential burglary as the underlying felony, and theft of property. In 1998, he was found guilty by a jury of capital murder, residential burglary, and theft of property. He was sentenced to life without parole for capital murder and twenty years' imprisonment for theft of property. He was not sentenced separately for the burglary. We affirmed. *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000).

On September 2, 2014, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he raised the following claims: (1) theft of property was not one of the underlying offenses required to sustain a judgment for capital murder, and, therefore, he should not have been convicted of capital murder; (3) there was

___

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

insufficient evidence to sustain a finding of guilt on the offense of theft of property; (3) the jury instructions were "constitutionally deficient beyond a reasonable doubt"; (4) it was error to deny him the expert testimony at trial of a clinical psychologist. The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for appointment of counsel to represent him on appeal.

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Chambliss v. State*, 2014 Ark. 188 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

As stated, the underlying offense to the charge of capital-felony murder in appellant's case was residential burglary, which is one of the offenses enumerated as an underlying felony

to the charge of capital murder pursuant to Arkansas Code Annotated section 5-10-101 (Supp. 1995).[2]  Appellant was charged and found guilty of residential burglary.  The theft-of-property charge was a separate offense, not the underlying felony to the capital-murder charge.  The judgment entered in the case reflects that appellant was convicted of capital murder and theft of property and sentenced for those offenses.  Accordingly, appellant did not demonstrate that the theft-of-property conviction was improperly utilized to establish that he was guilty of capital murder.

The allegations raised by appellant that were claims of trial error and insufficiency of the evidence could have been, or were, raised at trial.  The allegations did not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order entered in appellant's case.  *See Daniels v. Hobbs*, 2011 Ark. 192 (per curiam) (holding that allegations of an illegal search and insufficiency of the evidence were not grounds for issuance of the writ).  Assertions of mere trial error are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court.  *Hill v. State*, 2013 Ark. 413 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence and the admissibility of evidence are not cognizable in a habeas proceeding.).

Jurisdiction is the power of the court to hear and determine the subject matter in

---

[2]We note that appellant was convicted in 1998 of having committed the offenses in 1997. Act 657 of 1995, which became effective in 1995, and is codified in pertinent part at Arkansas Code Annotated section 5-1-110(A) (Repl. 1996), permits separate convictions and sentences for capital murder and any felonies utilized as underlying felonies for the murder.  *See Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002).  Notwithstanding the Act, appellant was found guilty of capital murder, burglary, and theft of property, but not sentenced separately for burglary.

SLIP OPINION

Cite as 2014 Ark. 504

controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* We will treat allegations of void or illegal sentences similarly to the way we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case. *Hill v. State*, 2014 Ark. 420 (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Quezada v. Hobbs*, 2014 Ark. 396, 441 S.W.3d 910 (per curiam).

Appeal dismissed; motion moot.

*Michael Hinkston*, pro se appellant.

No response.

4