SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-117

| | |
|---|---|
| MICHAEL BRIAN ARNETT<br><div align="right">APPELLANT</div><br>V.<br><br>RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><div align="right">APPELLEE</div> | Opinion Delivered December 18, 2014<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-13-117]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

PER CURIAM

In 2013, appellant Michael Brian Arnett filed in the circuit court in the county where he was incarcerated a pro se petition for writ of habeas corpus. The petition was dismissed, and appellant brings this appeal.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Gardner v. Hobbs*, 2014 Ark. 346 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for

a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id*. at 221, 226 S.W.3d at 798.

Appellant is incarcerated by virtue of a judgment of conviction entered against him in 2009 for murder in the second degree and abuse of a corpse for which an aggregate sentence of 360 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed the judgment in 2010. *Arnett v. State*, 2010 Ark. App. 702. The petition for writ of habeas corpus filed by appellant in 2013 concerned two misdemeanor convictions entered in 2010 in the Clark County Circuit Court. For those two convictions, an aggregate sentence of twelve months' imprisonment in the county jail was imposed. While petitioner raised a number of challenges to the misdemeanor judgments in the 2013 habeas petition, he did not allege that he was presently incarcerated in Lincoln County as a result of those judgments, and the circuit court held that he was not being held in custody on those judgments. The circuit court correctly noted that any challenge appellant desired to raise with respect to those judgments should have been raised in the trial court in a timely petition for postconviction relief. The petition for writ of habeas corpus filed by appellant was not a substitute for his filing a timely petition pursuant to our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2010), challenging the 2010 misdemeanor judgment. *See Friend v. Hobbs*, 364 Ark. 315, 219 S.W.3d 12 (2005) (per curiam).

As appellant did not demonstrate that he was in custody pursuant to the 2010

misdemeanor judgments, he did not establish a ground for a writ of habeas corpus to effect his release from custody. Accordingly, the circuit court did not err in dismissing the petition, and we affirm the order.

Affirmed.

*Michael Brian Arnett*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.